IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY JOHNSON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:15-CV-00231 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## **M E M O R A N D U M**

On February 2, 2015, Petitioner Rodney Johnson, ("Johnson") an inmate currently confined at the State Correctional Institution in Camp Hill, Pennsylvania, filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In the petition, Johnson challenges his 2009 convictions and sentence in the Court of Common Pleas of York County, Pennsylvania. (*Id.*) For the following reasons, the petition will be dismissed as successive.

### I. **Background**

On May 13, 2009, Johnson was found guilty of two counts of rape, one count of aggravated assault, one count of simple assault, two counts of involuntary deviate sexual intercourse, and one count of aggravated indecent assault following a jury trial.

*See Johnson v. Burns*, 13-CV-00278, Doc. 13 at pp. 1–2 (M.D. Pa. July 8, 2014). On February 5, 2013, after exhausting his appeals and post-conviction relief in the state courts, Johnson filed a petition for writ of habeas corpus in this court. *See id.* at pp. 2–6. On July 8, 2014, this court denied Johnson's petition. *See id.* at p. 16.

On February 2, 2015, Johnson filed the instant petition for writ of habeas corpus. (Doc. 1.) In the petition, Johnson again seeks to challenge the validity of his convictions. (*Id.*) Pursuant to this court's screening procedure for habeas petitions, this court has not yet ordered a response to the petition.

## II.     Discussion

### A.     Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving a copy of the petition on the respondent. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions through Rule 1(b)); *see also* 28 U.S.C. § 2243. When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *Sash v. Miner*, 246 F. App'x 816, 817 (3d Cir. 2007) ("Rule 4 . . . provides for pre-answer dismissal of habeas petitions which are plainly without merit."). Such summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *cf. Buxton v. Pennsylvania*, 398 F. App'x 704, 708 n.4 (3d Cir. 2010) (finding summary dismissal "inappropriate" where there was "confusion in the record" regarding the issue of procedural default).

**B.     Second or Successive Petitions Under 28 U.S.C. § 2244(b)**

Johnson faces several restrictions on his ability to challenge his convictions a second time through a petition for writ of habeas corpus. First, any claim presented in a second or successive habeas petition under § 2254 that was presented in a prior petition must be summarily dismissed. 28 U.S.C. § 2244(b)(1). Second, even those claims that were not presented in the previous petition must be dismissed unless the appropriate court of appeals determines either that: 1) the claims "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court," or 2) that the "factual predicate for the claim could not have been discovered previously through exercise of due diligence" and that "the facts underlying the claim, if proven . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).  A petitioner must move in the appropriate court of appeals for authorization to file a second petition prior to filing that petition in the district court. *Id.* at § 2244(b)(3).  If a petitioner fails to obtain authorization from the court of appeals prior to filing in the district court, the district court has no jurisdiction to entertain the petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

There is no indication that Johnson sought or obtained authorization from the court of appeals before filing the instant petition.  Thus, this court lacks jurisdiction over the petition, and must either "dismiss the petition or transfer it to the court of appeals." *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).  While this court lacks jurisdiction to decide Johnson's claims, it may consider the facial merits of those claims in deciding whether to dismiss or transfer the petition. *See Johnson v. Walsh*, No. 1:13-CV-1522, 2014 WL 3421071, at *2 (M.D. Pa. July 11, 2014) (citing *McDavis v. Vaughn*, No. 1:05-CV-1129, 2006 WL 891134, at *2–3 (W.D. Pa. Mar. 31, 2006).

Johnson claims that his convictions should be overturned due to evidence contained in a forensic lab report that he claims was "excluded from the jury." (Doc. 1 at 1.) However, as the Court of Common Pleas found in its opinion dismissing Johnson's petition, this forensic report was introduced into evidence by the Commonwealth and was therefore available to Johnson both at trial and at the time he filed his previous petition. (*See* Doc. 1-1 at 1.) Thus, there is strong evidence indicating that Johnson's petition would not fulfill the criteria for the authorization of a second or successive habeas petition. Because it appears unlikely that Johnson would be able to obtain authorization, this court will decline to transfer Johnson's petition and will instead dismiss it for lack of jurisdiction.

## III.  Conclusion

The instant petition is Johnson's second attempt to challenge his state conviction through a petition for writ of habeas corpus and he filed this petition without the requisite authorization. Accordingly, pursuant to 28 U.S.C. § 2244(b)(2), the petition will be dismissed for lack of jurisdiction.

The court must now determine whether a certificate of appealability should issue. A court may issue a certificate of appealability only if the petitioner "has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the court denies a certificate of appealability because jurists of reason would not find it debatable that Johnson's petition must be dismissed.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: May 12, 2015.